**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00300-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARVA FLENORY | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Motion for Immediate Release to Home Confinement under the CARES Act of 2020 (Record Document 117) filed by Defendant Marva Flenory ("Flenory"). Pursuant to the CARES Act, Flenory seeks immediate release to home confinement due to the COVID-19 pandemic. See id.[1] Flenory believes she is eligible for immediate release due to her increased risk of contracting COVID-10 in light of her medical conditions, including type 2 diabetes and hypertension. See id. The Government has responded in opposition to Flenory's motion. See Record Document 121.

On July 18, 2018, Flenory pled guilty before Magistrate Judge Kay to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). See Record Documents 77, 79, 80, & 85. The undersigned accepted the Report and Recommendation on the Plea of Guilty on July 20, 2018. See Record Document 83. On January 31, 2019, Flenory was sentenced to 57 months imprisonment. See Record Document 98. Flenory is currently serving her sentence at FPC Alderson in West Virginia.

---

[1] Flenory has not moved for compassionate release under Title 18, United States Code, Section 3582(c)(1)(A). Any such motion would be unsuccessful at this stage, as Flenory has not submitted evidence that she has exhausted administrative remedies within the BOP. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 (5th Cir. Sept. 3, 2020).

Title 18, United States Code, Section 3624(c)(2) provides that the Bureau of Prison's ("BOP") authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence. See id. "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id. The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the

place of a prisoner's imprisonment." Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement.  However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act.  See generally United States v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement.  The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); United States v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); United States v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); United States v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); United States v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Flenory's *pro se* Motion for Immediate Release to Home Confinement under the CARES Act of 2020 (Record Document 117) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of September, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT