# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00300-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARVA FLENORY (02) | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is Petitioner Marva Flenory's ("Flenory") Motion for Reduction/ Compassionate Release (Record Document 131). Flenory filed a reply and also supplemented her motion. See Record Documents 138 & 139. The Government has opposed Flenory's motion. See Record Document 135. For the reasons set forth below, Flenory's Motion for Compassionate Release is hereby **DENIED**.

## BACKGROUND

On February 9, 2017, Flenory and co-defendant Joseph Wilbon were charged with one count of possession with intent to distribute a controlled substance containing a detectable amount of cocaine, all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)((1)(C). See Record Document 14. On July 18, 2018, Flenory pled guilty before Magistrate Judge Kay to possession with intent to distribute a controlled substance. See Record Documents 77, 79, 80, & 85. The undersigned accepted the Report and Recommendation on the Plea of Guilty on July 20, 2018. See Record Document 83. On January 31, 2019, Flenory was sentenced to 57 months imprisonment. See Record Document 98. She reported to the Bureau of Prisons ("BOP") around March 14, 2019. See Record Document 94. Flenory is currently incarcerated at FPC Alderson in West Virginia. Her projected release date is March 21, 2023.

## LAW AND ANALYSIS

Flenory alleges that she is particularly susceptible to the COVID-19 virus because she suffers from obesity, hypertension, and type-2 diabetes. Flenory has submitted medical records to corroborate these medical conditions. See Record Document 131-2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Flenory moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before

filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Flenory has exhausted her administrative remedies under the First Step Act. See Record Document 135-1.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Flenory's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not

dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, even the Government conceded that Flenory's obesity is a condition that falls under the increased risk category as defined by the CDC. See Record Document 135 at 7. The Government went on to acknowledge:

> [T]he defendant presents at least one risk factor identified by the CDC as heightening the risk of severe illness or death were the inmate to contract COVID-19, namely a BMI over 30.

<u>Id.</u>

Notwithstanding the concession that Flenory has established an extraordinary and compelling reason, this Court believes granting release in this case would not comport with the factors enumerated in Section 3553(a). <u>See</u> 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Flenory's offense disfavor release, as she and her co-defendant travelled from Pennsylvania to traffic approximately 7 kilograms of cocaine. The factual basis establishes that the six bundles of cocaine were found duct taped to the bottom of Flenory's suitcase. <u>See</u> Record Document 79-3. She was an integral part of the trafficking offense. A reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Flenory's Motion for Compassionate Release (Record Document 131) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of June, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT